UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| VLADIMIR KRUGLYAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:24-CV-00167-DCLC-CRW |
| | ) | |
| LINKEDIN CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Vladimir Kruglyak moves under Federal Rule of Civil Procedure 59(e) to alter or amend the Judgment entered October 3, 2025 [Doc. 58]. The Court granted Defendants' motion to dismiss and enforced the forum-selection clause in LinkedIn's 2020 User Agreement, which requires that this dispute be litigated in California [Doc. 57]. Plaintiff contends that the Memorandum Opinion committed clear error and works a manifest injustice. He identifies four grounds on which he seeks relief. He asks the Court to vacate the Judgment, reinstate the action, and set a briefing schedule on his motion for partial summary judgment. Each of the grounds he raises incorrectly presupposes that the Court reached the merits of his claims. But the Court did not reach the merits; it dismissed the case based on the forum-selection clause. For the reasons that follow, Plaintiff's Motion to Alter or Amend Judgment [Doc. 59] is **DENIED**.

## I. LEGAL STANDARD

A motion under Rule 59(e) serves a limited function. "Relief under Rule 59(e) is an extraordinary remedy reserved for exceptional cases and is seldom granted." *Tennessee Riverkeeper, Inc. v. Ray*, No. 3:23-CV-00878, 2026 WL 230085, at *3 (M.D. Tenn. Jan. 28, 2026) (quotations and citations omitted). A court may grant relief under Rule 59(e) only to (1) correct a

clear error of law; (2) account for newly discovered evidence; (3) accommodate an intervening change in controlling law; or (4) prevent a manifest injustice. *Am. Civil Liberties Union of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010).  The "purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotations and citation omitted).  The purpose of a Rule 59(e) motion is not to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (citation omitted).

Plaintiff claims that the Court committed clear error that resulted in manifest injustice in granting Defendant's motion to dismiss.  [Doc. 59, pg. 3].  "Clear error" requires a "definite and firm conviction that a mistake has been committed." *United States v. Castano*, 906 F.3d 458, 467 (6th Cir. 2018) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).   He does not raise any "newly discovered evidence" issues or allege an intervening change in controlling law.

## II.        ANALYSIS

Plaintiff's four grounds share a single premise. Each assumes that the Court adjudicated the merits of his claims when it dismissed the action.  What the Court did, however, was enforce a forum-selection clause and dismissed the action so that Plaintiff could proceed in the forum which he had agreed would be appropriate to resolve any disputes.  Enforcing a forum-selection clause only decides where a case is litigated, not whether Plaintiff prevails. The Court will address each ground in turn and then address the sole issue whether dismissal, rather than transfer, was the proper mechanism for enforcing the clause.

**A.      The Court Did Not Commit Clear Error in Considering the User Agreement.**

Plaintiff first argues that the Court improperly authenticated the 2020 User Agreement and resolved a disputed fact at the pleading stage.  His argument misreads the governing rule about what documents the Court can consider at the motion to dismiss stage.  The court may consider "documents that a defendant attaches to a motion to dismiss ... if they are referred to in the plaintiff's complaint and are central to her claim." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (internal quotations and citations omitted); *see also Blackwell v. Nocerini*, 123 F.4th 479, 486 (6th Cir. 2024).  The Court considered the User Agreement because Plaintiff's complaint references the Agreement, and his breach-of-contract claim depends on it.

Plaintiff attacks the authentication of the User Agreement.  In this case, Defendant submitted a sworn statement authenticating the User Agreement.  In response, Plaintiff simply asserted the document was not authenticated.  But Plaintiff must do more than simply claim that the document is not what it purports to be. *Moyer v. Gov't Emps. Ins. Co.*, 114 F.4th 563, 568 (6th Cir. 2024).  In *Moyer*, the Sixth Circuit was clear that a party "must do more than assert that they don't believe that the documents are what they purport to be, at least when the documents appear self-authenticating or the defendant has submitted a sworn statement authenticating them." *Id.* Defendants submitted the User Agreement together with a declaration authenticating it. Plaintiff responded only that the exhibits were "unauthenticated and lack foundation." [Doc. 29, pg. 2].  He offered no explanation and no evidence. This bare unsupported assertion does not create a dispute over authenticity under the standard announced in *Moyer*. The Court finds it applied the rule correctly.

Plaintiff's reply raises Federal Rule of Evidence 901 and complains that Defendants supplied no "clickwrap or metadata." [Doc. 61, pg. 9].  A party may not raise a new argument for

the first time in a reply. *United States v. Jerkins*, 871 F.2d 598, 602 n. 3 (6th Cir. 1989). In any event, the argument restates the same objection in different form and does not establish clear error. This ground is **OVERRULED**.

> **B.** **The Court's Enforcement of the Forum-Selection Clause Was Not Selective or Unjust.**

Plaintiff next argues that the Court relied on the 2020 User Agreement to enforce the forum-selection clause while ignoring the Agreement's silence on the grounds for termination. [Doc. 59, pg. 4]. He invokes the doctrine of *contra proferentem* and the rule that a contract must be construed as a whole and against the drafter where it is ambiguous. [Doc. 59, pg. 5]. "[T]he purpose of the *contra proferentem* rule is to provide a means of determining which of two reasonable contractual interpretations should control." *Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 764 (6th Cir. 2008). But there is no ambiguity with the forum-selection clause, and Plaintiff does not contend that it is.

Plaintiff claims the Court ignored the "Agreement's silence on a critical issue: the grounds for termination." [Doc. 59, pg. 4]. But Plaintiff's argument focuses on the merits. The issue of whether the Agreement authorized the restriction of Plaintiff's account is a question on the merits. The enforceability of the forum-selection clause is not. A court may enforce an unambiguous forum-selection clause without adjudicating unrelated provisions of the same contract. *Famous Enters. Inc. v. Traditions of Am., L.P.*, No. 1:24 CV 61, 2025 WL 755399, at *6 (N.D. Ohio Mar. 10, 2025) ("[C]ourts can enforce a forum selection clause before deciding the overall validity of a contract."); *see also Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1232 (6th Cir. 1995).

The Court weighed the three factors that govern enforceability of the forum-selection clause and found the clause enforceable. *See Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). This ground is **OVERRULED.**

### C.   The Court Did Not Reach the Merits of Plaintiff's Claims.

Plaintiff claims that the Court's Memorandum Opinion [Doc. 57] "delves deeply into the applicability of Section 230 of the Communications Decency Act and the First Amendment." [Doc. 59, pg. 6].    This argument mischaracterizes the Memorandum Opinion.    The Court addressed the appropriateness of relying on the motion's exhibits, the authentication of the User Agreement, and the three factors governing the enforceability of the forum-selection clause. It did not analyze Section 230 or the First Amendment, and it did not resolve the merits of any claim.

Finally, a dismissal that enforces a forum-selection clause is not an adjudication on the merits of the claim.   His expressed concern about "preclusive rulings" is without support. [Doc. 59, pg. 1].  Neither claim preclusion nor issue preclusion is relevant here because the Court did not address the merits.  If Plaintiff elects to file his claim in the proper forum, that Court can address the merits including any defense under Section 230 or the First Amendment, in the first instance. This ground is **OVERRULED.**

### D.   The Rule 36 Admissions Do Not Bear on the Enforceability of the Forum-Selection Clause.

Plaintiff argues that Defendants' admissions under Federal Rule of Civil Procedure 36 conclusively establish liability and that the Court committed clear error by disregarding them. But again, regardless of the impact of Defendant's Rule 36 admissions, they do not bear on the enforceability of the forum-selection clause.   Admissions that deal with liability issues are

5

obviously focused on the merits. They do not impact the enforceability of the forum-selection clause governing where the dispute should be litigated.

Plaintiff's argument flips the analysis on its head. The Court first determines whether it is the proper forum to resolve the dispute before it reaches the merits of that dispute. These admissions do not render the forum-selection clause unenforceable, and they provide no basis for Rule 59(e) relief. This ground is **OVERRULED.**

> **E.** **Dismissal Was a Proper Mechanism for Enforcing the Forum-Selection Clause.**

Plaintiff's remaining argument does not depend on the merits. He contends that the Court should have transferred the action under 28 U.S.C. § 1404(a) rather than dismissed it. He relies on *Atlantic Marine Construction Co. v. U.S. District Court*, 571 U.S. 49 (2013), and argues that dismissal, coupled with the expiration of the statute of limitations during the pendency of this action, produces a time-bar that transfer would avoid. The argument warrants attention, but it does not establish manifest injustice on this record.

*Atlantic Marine* holds that Section 1404(a) provides the mechanism for enforcing a forum-selection clause that points to another federal forum. *Id.* at 59. It does not hold that dismissal is impermissible. In fact, the contrary is true. The Sixth Circuit permits enforcement of a forum-selection clause through dismissal under Rule 12(b)(6). *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 934 (6th Cir. 2014). Dismissal was therefore an available and proper mechanism.

Plaintiff could have argued for transfer in opposing the motion to dismiss. He did not. *See* [Doc. 29, pg. 3 ("[T]he Court should decline transfer given the convenience of the parties and witnesses and the interest of justice.")]. A Rule 59(e) motion may not raise arguments that could have been presented before judgment. *Brumley*, 909 F.3d at 841. The argument is forfeited on that basis alone. But it also fails on the merits. Plaintiff's manifest-injustice argument rests entirely on

6

the assertion that the limitations period has expired, so that refiling in California is now time-barred. Plaintiff bears the burden on his own motion. He has not carried it. He identifies no claim, no limitations period, and no accrual date. He offers only the conclusory statement that his claims are time-barred. An unsupported assertion of a time-bar does not establish manifest injustice. The Court will not presume a limitations bar that Plaintiff has not demonstrated.

Plaintiff's litigious history undercuts his argument that a California forum will deprive Plaintiff of his day in court. Plaintiff has filed numerous actions in federal courts across the country, including in Georgia, New York, North Carolina, and West Virginia. A litigant who pursues claims in forums throughout the Nation cannot credibly maintain that litigation in California is beyond his reach. The record confirms what the Court found in enforcing the clause [Doc. 57, pg. 7]. It reinforces this conclusion that dismissal causes no injustice here.

Plaintiff has not shown that dismissal, rather than transfer, produces a manifest injustice. His conclusory limitations argument cannot bear the weight he places on it, and his litigation history refutes the hardship he asserts. This ground is **OVERRULED.**

## III. CONCLUSION

Plaintiff's four principal grounds treat a venue ruling as a merits ruling. They fail for that reason. His remaining argument does not establish that dismissal produces a manifest injustice. Accordingly, Plaintiff's Motion to Alter or Amend Judgment [Doc. 59] is **DENIED**.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge